IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL G. CURRY,
    Petitioner,

vs.                                            Case No. 3:08cv539/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**O R D E R**

       This cause is before the court on Respondent's Motion to Seal Exhibits (Doc. 9). Respondent requests that all exhibits served with its response to Petitioner's habeas petition be sealed because they include information identifying the victim of the sexual battery for which Petitioner was convicted (*id.*). As grounds for the motion, Respondent contends that the elderly victim's identity is confidential under state law and, by analogy to caselaw concerning civil discovery, this court has authority to issue an order which protects a victim's statutory right to confidentiality (*id.* at 1–2). Respondent additionally analogizes this issue to its assertion of a "privilege," of sorts, to protect the victim's identity from unnecessary disclosure, which is governed by state law and should be respected by this court (*id.* at 2–3). Respondent asserts that due to the volume of the exhibits, it is not feasible to selectively redact them (*id.* at 1, 3).

       Rule 5.2 of the Federal Rules of Civil Procedure governs privacy protection for filings made with the court and provides that certain information filed electronically or in paper form must be redacted. The identity of an elderly victim of a sexual crime is not included in the list of information which must be redacted. Fed. R. Civ. P. 5.2(a) (requiring that an individual's social security number, a taxpayer identification number, an individual's birth date, the name of an individual known to be a minor, and a financial account number be redacted from any document filed electronically or in paper form). Furthermore, Rule 5.2 explicitly exempts the official record of a

state court proceeding from the redaction requirement. Fed. R. Civ. P. 5.2(b)(3). Therefore, the Federal Rules do not require sealing the exhibits in this case. *See* Rule 11 Rules Governing Section 2254 Cases (the Federal Rules of Civil Procedure may be applied to a section 2254 proceeding to the extent they are not inconsistent with the habeas statute or rules).

Having established that sealing the exhibits is not required, the question becomes whether the court should exercise its discretion to do so. There is a "common-law right of access to judicial records." Nixon v. Warner Communications, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978); Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985) ("There is no question that a common law right of access exists as to civil proceedings."); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."). This right, however, is not absolute. Chicago Tribune, 263 F.3d at 1311. The standard governing the right of access as it applies to particular documents requires the court to balance the competing interests of confidentiality and the right of public access on a case by case basis. *Id.* at 1312, 1313–15; Jessup v. Luther, 277 F.3d 926, 928 (7th Cir. 2002) ("The interest in secrecy is weighed against the competing interests case by case."); *see also* Jaufre v. Taylor, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) ("To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure.") (citing S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 849 (5th Cir. 1993)). "[T]he party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." Jaufre, 351 F. Supp. 2d at 516 (citing Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 165 (3d Cir. 1993)).

The need to protect individual privacy rights may, in some circumstances, rise to the level of a compelling or substantial interest that should be recognized in the balancing process in considering a First Amendment right of access issue. *See, e.g.,* Globe Newspaper v. Superior Court, 457 U.S. 596, 607, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982) (recognizing the governmental interest in the protection of minor victims of sex crimes from further trauma and embarrassment); Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 511, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984) (recognizing the governmental interest in protecting the privacy of jurors); Seattle

Times Co. v. Rhinehart, 467 U.S. 20, 35–36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (recognizing the governmental interest in preventing abuse of the civil discovery process); Times-Mirror Company v. United States, 873 F.2d 1210, 1215–16 (9th Cir. 1989) (recognizing the governmental interest in not tipping off suspects by disclosure of search warrants).  The Florida Legislature has afforded the privacy of all victims of sex crimes, regardless of age, special protection.  Fla. Stat. §§ 92.56(1)(a), 119.071(2)(h), 794.024(1) 984.06.[1]  These measures reflect a strong public policy favoring the special protection victims of sex crimes and their privacy where sensitive and possibly embarrassing matters are concerned.  Although these statutes do not control this federal habeas action, they do reflect a legislative judgment that the state has an interest in maintaining the confidentiality of court proceedings involving victims of sexual offenses.

When a court determines that interests favoring non-disclosure justify restricting the public's access, it must restrict access in a way that will minimize the burden on the public's right, for example, by sealing or redacting only those records or portions thereof that contain sensitive information.  *See* Jaufre, 351 F. Supp. at 517–18; *see, e.g.,* Tower v. Leslie-Brown, 167 F. Supp. 2d 399, 405 (D. Me. 2001) (sealing only records that contained sensitive information about plaintiffs' children, not sealing records that did not describe the underlying child protective dispute, in order that the public may have continued access to information about the actions of their state officials); M.P. v. Schwartz, 853 F. Supp. 164, 168-69 (D. Md. 1994) (releasing complaint with plaintiffs' names redacted); *but see* Webster Groves School Dist. v. Pulitzer Pub. Co., 898 F.2d 1371, 1377 (8th Cir. 1990) (finding no reasonable alternative to sealing record and that redaction of record would be virtually impossible because it was replete with documentation of child's learning disabilities and other personal information).

---

[1] Florida law provides that any criminal intelligence information or criminal investigative information which may reveal the identity of a person who is the victim of any sexual offense is confidential and exempt from the state law requiring the inspection or copying of public records.  Fla. Stat. § 119.071(2)(h).  That statutes provides, however, that such information may be disclosed by a law enforcement agency in the furtherance of its official duties and responsibilities.  *Id.*  Florida law further provides that the confidential status and exempt nature of such information, including testimony from witnesses, must be maintained in court records and in court proceedings, *see* Fla. Stat. § 92.56(1)(a), and that it is unlawful for a public employee to willfully and knowingly disclose the name of a sexual battery victim to any other person other than those identified in the statute.  Fla. Stat. § 794.024(1).

In the instant case, Respondent concedes that the victim's identity was publicly disclosed at Petitioner's criminal trial, which may or may not have diminished the victim's right to privacy. Regardless, although there is no need, in the court's view, for again subjecting the victim to public disclosure of the details of his or her victimization, the drastic remedy of disallowing public access to any portion of the state court record is not warranted. Redacting the victim's identifying information, although time consuming, would sufficiently protect the victim's privacy. Therefore, Respondent's motion to seal will be denied. This does not preclude Respondent from filing a motion to substitute a redacted version of the exhibits.[2]

Accordingly, it is **ORDERED**:

Respondent's Motion to Seal Exhibits (Doc. 9) is **DENIED**.

**DONE AND ORDERED** this 17th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court notes that Respondent filed the exhibits in paper form, and the exhibits have not been electronically posted in the court's electronic filing system, thus, although the unredacted version of the exhibits is currently available for public inspection, it is unlikely that they have been viewed, since the viewer must physically come to the clerk's office to view them and may not view them by simply logging in to the electronic filing system. Therefore, filing a redacted version would be effective in protecting the victim's privacy despite the fact that the unredacted version is currently on file.

Case No.: 3:08cv539/LAC/EMT